IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA RENEE PUCKETT,         ) | |
| ) | |
| Petitioner,         ) | |
| vs.                                                    ) | |
| ) | Case No. 25-CV-1609-DWD |
| ACTING WARDEN,         ) | |
| ) | |
| Respondent.         ) | |
| ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Pamela Renee Puckett's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) in which she brings a due process challenge requesting the Court order the BOP to calculate and apply her First Step Act credits in their "entirety."

**BACKGROUND**

Petitioner is an inmate currently incarcerated at the Federal Prison Camp at FCI Greenville, where she is serving a 210-month sentence for Conspiracy to Distribute and Possession with Intent to Distribute 50 grams or more of Methamphetamine and Conspiracy to Commit Money Laundering (Doc. 14-1). The sentence was imposed on April 24, 2019, and Petitioner became eligible to earn First Step Act Time Credits ("FTCs") on June 25, 2019, the date she arrived at her first BOP-designated facility (Doc. 14-2). According to Respondent, as of August 24, 2025, Petitioner had earned a total of 885 FTCs. The BOP has determined that 365 of these FTCs may be applied toward early release, while the remaining 520 may be applied only toward pre-release custody, such as home

confinement or placement in a Residential Reentry Center. Applying the 365 FTC days together with Petitioner's projected Good Conduct Time, the BOP calculates Petitioner's Conditional Release Date as November 13, 2029, and her Conditional Transition to Community Date as July 17, 2026. The latter date incorporates 850 First Step Act Conditional Placement Days and 365 Second Chance Act ("SCA") Recommended Placement Days.

Petitioner contends that the BOP has failed to apply her FTCs in their entirety. She specifically argues that the BOP must credit her with projected future FTCs, which she claims would total 1995 days if calculated to the end of her sentence. According to Petitioner, applying these projected credits would advance her transition to community date to May 23, 2026. She further asserts that, with additional credits applied, her release date would become May 23, 2025.

On July 12, 2024, Petitioner submitted a BP-9 request regarding her "FSA Calculation Release Date," which was denied on July 19, 2024. (Doc. 14-1). She appealed to the Regional Office on October 28, 2024, but the appeal was rejected the same day because she failed to include a copy of the BP-9 or the BP-9 response (Doc. 14-1). Petitioner did not appeal to the Central Office and did not resubmit her Regional Office appeal with the required BP-9 form and response. She also did not submit any other administrative remedies related to her FTCs or sentence calculation before filing this Petition.

Petitioner admits that she did not exhaust administrative remedies but asks the Court to excuse the failure (Docs. 1, 15). She argues that pursuing the full remedy process,

2

which can take 70 to 140 days, would prolong her allegedly unlawful custody beyond her asserted lawful release date (*Id.*).

## DISCUSSION

A federal prisoner may challenge the Bureau of Prisons' ("BOP") calculation of her sentence by filing a petition under 28 U.S.C. § 2241. *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019). Before seeking judicial review, however, the prisoner must exhaust available administrative remedies. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The exhaustion requirement serves two key policy goals: protecting agency authority and promoting judicial economy. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Although § 2241 petitions have no statutory exhaustion requirement, *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004), the Seventh Circuit imposes a common-law exhaustion requirement. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Complete exhaustion of administrative remedies is required, even if relief is ultimately denied. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). When a petitioner alleges errors in BOP policies or calculations, the BOP must first have the opportunity to correct them. *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

The BOP's Administrative Remedy Program permits inmates to seek review of "any aspect of [their] confinement." 28 C.F.R. § 542.10(a). The process requires: (1) informal resolution; (2) a BP-9 to the warden; (3) a BP-10 appeal to the regional director; and (4) a BP-11 appeal to the Office of General Counsel. 28 C.F.R. §§ 542.13–542.15. Exhaustion is complete only when all levels are pursued. *Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008).

Here, Petitioner did not exhaust. Although she filed a BP-9 challenging her FTC calculation, and appealed to the Regional Office, that appeal was rejected for failure to include the BP-9 and response. Petitioner did not correct the deficiency or pursue a BP-11 appeal to the Central Office. She therefore failed to complete the administrative process.

A court may excuse exhaustion only in limited circumstances: where delay would cause prejudice, the agency lacks authority to grant relief, exhaustion would be futile due to bias or predetermination, or substantial constitutional issues are presented. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). None applies here. Petitioner has not shown that the BOP cannot provide relief, that the agency is biased, or that her claim raises a constitutional question. To the extent she argues that time is of the essence, "the press of time is [her] fault," as she abandoned the administrative process rather than completing it. *Richmond*, 387 F.3d at 604. The BOP is entitled to the first opportunity to address her claim, *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009), and the Court will not excuse Petitioner's failure to exhaust under these circumstances.

Even if Petitioner had properly exhausted her administrative remedies, her petition would still fail because the relief she seeks is not authorized by statute and, in any event, would affect only the place of her confinement rather than its duration.

A habeas petition under § 2241 may challenge only the fact or length of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). It may not be used to challenge the location or conditions of confinement. *Id.* at 489. After sentencing, the Attorney General, through the BOP, is responsible for administering the sentence, including

4

inmate placement. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP exercises "plenary control" over where an inmate serves her sentence, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Under 18 U.S.C. § 3621(b), a designation of a place of imprisonment "is not reviewable by any court." *Saunders*, 986 F.3d at 1078.

In the instant case, Petitioner contends that the BOP must apply projected future FTCs, which, by her calculation, total 1995 days. (Docs. 1, 15). Petitioner contends this would advance her transition-to-the-community date to May 2026. (*Id.*). Petitioner further contends that once she receives additional credits, such as those available under the Second Chance Act, her transition date would be mid-2025. (*Id.*). First, the BOP has already applied the maximum reduction in imprisonment permitted by statute. The FSA allows no more than 365 days of earned time credits to be applied toward early transfer to supervised release. 18 U.S.C. § 3624(g)(3). Once that cap is reached, any additional earned credits may be used only to advance the timing of pre-release custody, such as placement in a residential reentry center or home confinement. 18 U.S.C. §§ 3632(d)(4)(C), 3624(g). Thus, even if Petitioner were to earn additional credits, they could not further shorten the length of her sentence.

Second, Petitioner seeks application of projected, unearned credits, which the statute does not permit. FTCs may be applied only after they are actually earned and remain contingent on continued eligibility, participation, and conduct. 18 U.S.C. § 3632(d)(4)(C). Because there is no guarantee an inmate will ultimately earn projected credits, the BOP cannot rely on projections when applying them. *Cox v. Rardin*, No. 2:24-

5

CV-10676, 2025 WL 495342, at *5 (E.D. Mich. Feb. 13, 2025); *Jun v. FPC-Duluth*, No. 22-CV-2704, 2023 WL 5917739, at *8 (D. Minn. June 30, 2023), adopted, 2023 WL 5899128 (D. Minn. Sept. 11, 2023).

Because the statutory maximum toward sentence reduction has already been applied, the only possible effect of additional or projected FTCs would be to accelerate Petitioner's eligibility for pre-release custody. That would alter only where she serves the remainder of her sentence, not how long she serves it. Such claims are not cognizable in a § 2241 habeas petition. *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *Palmer v. Sproul*, 2025 WL 346589, at *1 (S.D. Ill. Jan. 30, 2025); *Williams*, 2025 WL 1880039, at *2.

Accordingly, even if exhaustion were excused, Petitioner is not entitled to the relief she seeks, and her claim must be dismissed.

## Conclusion

Petitioner failed to exhaust her administrative remedies prior to filing suit, and no exception applies. Even if exhaustion were excused, any additional application of First Step Act Time Credits would impact only the place of her confinement, a claim which is not cognizable in a habeas petition. Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk of the Court shall close the case and enter judgment accordingly.

**SO ORDERED.**

Dated: January 22, 2026

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge